MR. JUSTICE McDONOUGH
dissenting:
There are at least three material questions of fact: 1) whether William C. Greenfield, Henry L. Greenfield and Ann Jancic were partners in dealing with the real estate and the proceeds therefrom; 2) whether Merlynn E. Greenfield, her stepchildren, Ann Jancic and Henry L. Greenfield, intended to and did form a partnership to handle the real estate and the personal property proceeds therefrom; 3) what specific property was intended to be in either partnership. The majority errs because resolution of these factual questions must precede the determination that no partnership property existed.
The parties’ intentions as to allegedly forming a partnership should be ascertained as a question of fact. 59A Am.Jur. 2d Partnership Section 78 (1987). The intentions of the parties to form a partnership may be implied. It need not be expressed in writing or orally if it can be derived from the parties’ actions. 59A Am.Jur. 2d Partnership Section 152 (1987). Once it is found that a partnership was *363 formed, the intent of the partners generally determines what property will be considered partnership property as distinguished from separate property, and this is also a question of fact. 59A Am.Jur. 2d Partnership Section 354 (1987).
The partition agreement mentioned in the majority opinion executed within 2 weeks of William C. Greenfield’s death does not appear to have been carried out. The inventory and appraisement filed in William C.’s probate listed the property at issue as a percentage interest (41 + %) belonging to William C. In addition, the agreement is confusing and ambiguous. Furthermore, other evidence in the record infers the existence of the partnership and partnership property at the time of Merlynn’s death.
Prior to William C.’s death the proceeds from the sales of real estate all went into one account, expenses were paid out of the account, and the profits were distributed from the account as to the percentage of ownership. The partition agreement continued to provide the same division of the profits. Prior to William C.’s death the siblings signed and filed income tax returns as a partnership and the affidavit of Ann Jancic states they considered themselves to be partners.
After William C.’s death, the testator here who was also the personal representative of William C.’s estate, closed out the old account and opened a new account in the name of the “Greenfield Partnership”. Additional lands were sold by Ann, Henry L., Merlynn and the stepchildren during the course of the probate of William C.’s estate and some of the lands were sold on a contract for deed. Again, the proceeds went into the partnership account, expenses were paid out of the account, and amounts were from time to time distributed. The existence of these transactions by the testator, and by Ann Jancic, Henry L. Greenfield and the testator’s three stepchildren, and the way these transactions were handled by their attorney and accountant, imply there was a partnership.
Other transactions also support the existence of a partnership. Partnership returns were filed after the death of William C. for the years 1984 and 1985 and the testator, who died in 1985, is listed on the returns for 1984 as a partner. A sales agreement for some of the land sold after the death of William C., which the testator signed, listed the Greenfield Partnership as seller. The testator’s notes to her stepchildren mentioned the “Greenfield Partnership”. A testator’s letter of July 1984, mentions the “partnership”.
There is a question of fact as to the intent of the parties. Facts *364 showing that the parties called it a partnership, filed tax returns as a partnership, payed bills as a separate entity, referred to the partnership in writing, all raise questions as to a partnership’s existence and its holdings. These questions should be answered by a jury or other trier of fact.
There is also a question of what particular property is treated as partnership property. Assuming that the real estate partition agreement is construed as provided in the majority opinion, the inventory and appraisement of the testator’s estate lists considerable property as personal property which is anticipated proceeds from the sale of the real estate under contracts for deeds. There is money in escrow accounts, originally derived from these contracts for deeds. There was also money in a partnership bank account at the time of the testator’s death.
Finally, there remains the question of the testator’s intent in the holographic writing. Here again it is a question of fact. The clause is ambiguous, written by a lay person. If there is not a partnership, did she intend to bequest and/or devise what she and others called the “Greenfield Partnership”. The testator at the time of her death was 45 years of age. Her death certificate shows that the death resulted as of a sudden illness. It cannot be assumed that she felt that the “Greenfield Partnership” only applied to what has been determined to be a partnership between her husband and his sister and brother. I think there is a very material question of fact as to what she meant by the words “Greenfield Partnership” and what property was included.
I would reverse the summary judgment and remand to the District Court.
MR. JUSTICE WEBER concurs in the foregoing dissent.